UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CALVIN E. HARRIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-2586** |
| **LEON CANNIZARO, JR., ET. AL** | **SECTION "C"(4)** |

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I.     Factual Summary**

The plaintiff, Calvin E. Harris ("Harris"), is an inmate incarcerated in the Orleans Parish Prison ("OPP"). Harris filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Orleans Parish District Attorney Leon Cannizaro, Jr., Orleans Parish Deputy Gray[1], Orleans District Court "Records Clerk"[2], Orleans Parish Sheriff Marlin Gusman, and Mayor of New

---

[1] Harris' Complaint does not list the first name of Deputy Gray (R. Doc. 1, p. 1).

[2] Harris' Complaint only names this defendant as "Records Clerk" (R. Doc. 1, p. 1).

Orleans Mitch Landrieu, (collectively, "Defendants") seeking damages for falling down the stairs in the courthouse during his confinement on September 13, 2012.

Harris alleges that, on that day, he was escorted by Orleans Parish Deputy Gray to a courtroom in Orleans Parish District Court. While being transferred, Harris alleges that he was forced to wear handcuffs, ankle restraints and wrist chains to court, which caused him to lose his balance and fall on the stairs in the courthouse. He claims that he injured his neck and back as a result of the fall. Harris also alleges that on the next day he had to be rushed to the emergency room where he was diagnosed with back spasms. He further claims that his request to file a grievance was denied by Orleans Parish Prison staff because "they are not responsible for what happens at the Courthouse". As relief, Harris sought monetary damages in the amount of $2,700,000.00 and to be paid by the defendants for his medical bills, mental anguish, and pain and suffering.

## II.     Standards of Review for Frivolousness

Title 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v.*

*Showers*, 174 F.3d 716, 718 (5th Cir. 1999).  It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations.  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations.  *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

**III.     Analysis**

    **A.     Sheriff Gusman**

Harris names Sheriff Marlin Gusman as a defendant.  He does not, however, set forth any allegations in his Complaint against Sheriff Gusman.  Under a broad reading, it appears that he has named Sheriff Gusman because of his supervisory role as the head of the Orleans Parish Prison and the employer of the offending deputies.

A supervisory official, like Sheriff Gusman, cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate at the prison allegedly violated the plaintiff's constitutional rights.  *See Alton v. Texas A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979).  A state actor may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation."  *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *see also Watson v. Interstate Fire & Cas. Co.*, 611 F.2d 120 (5th Cir. 1980).  Harris has not alleged that Sheriff Gusman was personally involved in the events or conditions of which he complains.  Therefore, Harris has

not demonstrated a personal connection or action that would render Sheriff Gusman liable under § 1983.

Admittedly, a warden or other supervising officer not personally involved in the acts that deprived the plaintiff of his constitutional rights may be liable under Section 1983 if: (1) the warden or supervising officer failed to train or supervise the subordinate officers involved; (2) there is a causal connection between the alleged failure to supervise or to train and the alleged violation of the constitutional rights; and (3) the failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights. *Thompson v. Upshur Cnty.*, 245 F.3d 447, 459 (1991) (citations omitted).

For Harris to show that Sheriff Gusman acted with deliberate indifference, he must show "more than a single instance of the lack of training or supervision causing a violation of constitutional rights." *Id.* at 459 (*citing Snyder v Trepagnier*, 142 F.3d 791, 798-99 (5th Cir. 1998)). An official is deliberately indifferent to an inmate's medical needs or safety in violation of the Eighth Amendment "only if he knows that the inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). Harris has not alleged that Sheriff Gusman was, in any way, personally aware of a substantial risk of serious harm from the incident about which he complains.

In the instant case, Harris appears to name Sheriff Gusman simply because of his supervisory position. Harris has alleged no cause of action for Sheriff Gusman personal involvement, failure to intervene, or failure to supervise. Because he has failed to assert any allegations against Sheriff Gusman that would make him liable as a supervisory official, the Court finds that Harris' claim against Sheriff Gusman is frivolous and otherwise fails to state a claim for which relief can be

granted pursuant to 28 U.S.C. § 1915(e), § 1915A and 42 U.S.C. § 1997e(c).

### B. <u>Deputy Gray</u>

Under the broadest reading of his complaint, Harris contends that it was improper for him to be mandated to walk up and down stairs in wrist and ankle restraints. He does not, however, allege that Deputy Gray, or anyone specifically, had a role in his fall. Without that causal link, Deputy Gray can not be held liable under Section 1983. *Douthit*, 641 F.2d at 346; *see also Watson*, 611 F.2d 120.

Furthermore, Harris has not alleged or established facts sufficient to give rise to a violation of his Constitutional rights. Section 1983 grants the right to redress to those individuals whose constitutional rights have been violated, but not for violations of state law. *Baker v. McCollan*, 443 U.S. 137, 146 (1979) (noting that many claims which may be actionable as violations of state tort law do not amount to constitutional violations); *Daniels v. Williams*, 474 U.S. 327 (1986).

Harris has not alleged any basis for jurisdiction in this federal court other than federal question under Section 1983. Harris has not alleged any intentional constitutional violation against Deputy Gray, but has only broadly alleged state law negligence claims. "Section 1983 imposes liability for violations of rights protected by the Constitution, [however,] not for violations of duties of care arising out of [state] tort law." *Baker*, 443 U.S. at 146. Harris' claim against Deputy Gray is therefore frivolous and otherwise fails to state a claim for which relief can be granted.

### C. <u>District Attorney Cannizaro, Jr. and Mayor Landrieu</u>

Harris fails to set forth any specific allegations against any Defendants, including Mayor Landrieu and District Attorney Cannizaro, Jr. He also does not indicate a basis for Mayor Landrieu or District Attorney Cannizaro, Jr.'s alleged liability under Section 1983.

Proof of an individual defendant's personal involvement in the alleged wrong is a prerequisite to his liability on the claim for damages under Section1983. A state actor may be liable under Section 1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit*, 641 F.2d at 345; *see also Watson*, 611 F.2d at 120. Here, there are no allegations of personal involvement by Mayor Landrieu or District Attorney Cannizaro, Jr. Also, there are no allegations against Mayor Landrieu or District Attorney Cannizaro, Jr. of any action or inaction related to Harris' fall down the stairs. Therefore, claims against Mayor Landrieu and District Attorney Cannizaro, Jr. should be dismissed as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e) and § 1915A and Title 42 U.S.C. § 1997e.

### D.     Records Clerk

Harris also named as a defendant "Records Clerk." In doing so, he failed to name a proper defendant. A Section 1983 action must be filed against an actual identified person. *Francis v. Terrebonne Parish Sheriff's Office*, Civ. Action No. 08-4972, 2009 WL 4730707, at *3 (E.D. La. Dec. 9, 2009); *August v. Gusman*, Civ. Action No. 06-3962, 2008 WL 466202, at *7 (E.D. La. Feb. 13, 2008); *Staritz v. Valdez*, No. 3-06-CV-1926, 2007 WL 1498285, at *2 (N.D. Tex. May 21, 2007); *Banks v. United States*, Civ. Action No. 05-6853, 2007 WL 1030326, at *11 (E.D. La. Mar. 28, 2007); *Vollmer v. Bowles*, Civ. Action No. 3:96-CV-0081,1997 WL 102476, at *2 (N.D. Tex. Feb. 28, 1997). Because Harris cannot pursue a lawsuit against unidentified individuals, the claims against the "Records Clerk" should be dismissed as frivolous.

## IV.     Recommendation

It is therefore **RECOMMENDED** that plaintiff, Calvin E. Harris' 42 U.S.C. § 1983 claims against the defendants, District Attorney Leon Cannizaro, Jr., Deputy Gray, Orleans District Court "Records Clerk", Sheriff Marlin Gusman and Mayor Mitch Landrieu be **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915(e) and § 1915A and 42 U.S.C. § 1997e, and otherwise failing to state a claim upon which relief can be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[3]

New Orleans, Louisiana, this 12th day of July, 2013.

  **KAREN WELLS ROBY**
  **UNITED STATES MAGISTRATE JUDGE**

---

[3]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.